STATE OF CONNECTICUT *v.* CLEVELAND WHITE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 27, 1960

*Edward G. Burstein,* of Bridgeport, for the defendant.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-eight, pleaded guilty to violation of the Uniform State Narcotic Drug Act; General Statutes § 19-246; and was sentenced to state prison for not less than five and not more than seven years. The sentence provided under § 19-265 for the first offense is a fine of not less than $500 nor more than $3000 and imprisonment for not less than five years and not more

than ten years, "or [the offender] be both fined and imprisoned."

On January 15, 1960, police officers raided the defendant's apartment and found a marijuana cigarette in a pocket of a suit coat and two such cigarettes in a trench coat pocket. At first the defendant denied knowledge of the cigarettes but later admitted that they were his and that he smoked marijuana. It is to be noted that this defendant pleaded guilty to § 19-265, which provides a penalty for illegal possession or dispensing. He was not charged under § 19-265a, which provides a lesser penalty for self-administration or addiction.

This was the defendant's first known arrest and conviction for a narcotics offense. He had been previously involved on several occasions in morals charges, and he served approximately two and a half years of a three-year sentence for a variety of military offenses. Upon entering the army as a draftee at age twenty, he remained there two months and left without authorization. There followed a series of AWOL's which culminated in a dishonorable discharge and the sentence of three years' confinement.

He has the following criminal record in Connecticut. March 26, 1949, Bridgeport, assault—nolled; December 27, 1949, Bridgeport, breach of peace (morals)—nolled; February 11, 1950, Stratford, operating motor vehicle without license and so as to cause loss of life—three months in jail and fined; November 21, 1950, Bridgeport, rape—six months in jail, suspended after thirty days and probation for two years; November 15, 1951, violation of probation—committed to jail.

The court had the defendant's record before it. This included a history of suspended sentences on several occasions which resulted in violation of pro-

bation. Under § 19-265, the court had no alternative but to impose a minimum sentence of five years, which it could order placed in effect or it could suspend. Within the court's discretion, it ordered a sentence which it did not see fit to suspend.

The sentence was a proper one and should stand.

Shapiro, Covello and Healey, Js., participated in this decision.